## CHARLOTTE H. RICHARDSON *vs.* WILLIAM WYMAN.

*Dower—widow's claim not barred by a deed set aside as fraudulent.*

The dower of a surviving wife is not barred by a conveyance executed by the husband and wife which is set aside as fraudulent as against the creditors of the husband.

Where a creditor avoids a deed from the husband to his wife on the ground that it is fraudulent and void as to him, the wife is nevertheless entitled to dower.

ON REPORT.

Action to recover demandant's dower in certain real estate of her former husband, Amos Wyman, deceased, submitted to the full court upon report to enter the proper judgment therein. Amos Wyman conveyed this real estate to his wife May 13, 1856, (William Wyman then and long before being a creditor of Amos) and on the fifteenth day of June, 1858, Amos and his wife conveyed the property to Henry L. Fox. Subsequently William Wyman brought suit upon Amos' bond to him, recovered judgment, levied his execution upon the land, instituted equity proceedings to remove the cloud which these deeds cast upon his title and obtained a decree that both deeds were fraudulent and void as to him, and the grantees were ordered to release all their apparent interest to him except the dower of Mrs. Wyman. *Wyman v. Fox*, 59 Maine, 100, 103.

*A. Libbey* and *Samuel Titcomb*, for the demandant.

The deed to Fox being void he acquired thereby no interest to the land nor to Mrs. Richardson's dower therein. It was simply a nullity. All things remained as they were before its delivery. And the same is true of Amos Wyman's deed to his wife. The tenant having defeated all operation of these deeds by his levy, and subsequent proceedings, cannot now set them up to bar the claimant's dower. *Stinson v. Sumner*, 9 Mass., 143 ; *Robinson v. Bates*, 3 Metc., 40.

A merger of a wife's interest is looked upon with special disfavor. *Gibson v. Crehore*, 3 Pick., 482 ; *Simonton v. Gray*, 34 Maine, 51 ; *Earle v. Washburn*, 7 Allen, 95 ; 4 Kent's Com., 101 ; 2 Washburn R. P., 480; *Evans v. Kimball*, 1 Allen, 242 ; *Loud v. Lane*, 8 Metc., 518.

It is only the lesser of two vested estates that is merged in the greater. 3 Greenleaf's Cruise, 55 ; 3 Preston on Conveyances, 50.

*Baker & Baker*, for the tenant.

The defendant contends, 1st. That the demandant's dower merged in the greater estate conveyed to her by her husband, and by both to Fox. 2. If not technically merged, it was extinguished by those deeds. 3. At any rate it passed to Fox by estoppel, and she is estopped as to the tenant who is Fox's grantee, under the deed made in compliance with the decree in equity.

According to Mr. Preston, as quoted in Greenleaf's Cruise, at the place cited by the demandant's counsel, it is necessary that the larger estate should be vested, or there will be no merger; the smaller estate need not be vested. If her dower once merged, the cancellation of those deeds will not resuscitate the drowned right.

Although those deeds were fraudulent and void as to creditors, they were not absolutely null, but were good between the parties and did operate to convey to Fox a title liable to be defeated only by Amos Wyman's creditors.

Mrs. Wyman's release of dower was no fraud upon anybody's

rights but her own ; was her own free, unimpeachable act ; and she should abide its consequences.

APPLETON, C. J.   This is an action in which the demandant, the wife of the late Amos Wyman, deceased, seeks to recover dower in certain premises of which her husband was seized during coverture.

It is in evidence that on the thirteenth of May, 1856, Amos Wyman, by deed of release, conveyed the premises in which dower is demanded to his wife, the present demandant, and that on the fifteenth of June, 1858, said Wyman and wife, by deed of warranty of that date, conveyed the same to Henry L. Fox.

It further appears that the tenant, being a creditor of Amos Wyman, by virtue of a bond bearing date July 22, 1840, commenced a suit thereon, in which the premises, in which dower is demanded, were attached as the property of the debtor.   The tenant recovered judgment, and the execution issued thereon was fully satisfied by a levy on the premises in controversy, and the possession thereof given the tenant.   The deed from Amos Wyman to his wife, and from them to Fox being fraudulent and void as to creditors, the tenant thereby became seized of the estate, upon which the levy was made, in fee.

Subsequently for the purpose of removing any claim upon his title thus acquired, the tenant commenced a suit in equity against Henry L. Fox and the demandant, in which the deed of Amos Wyman to the demandant and that of said Wyman and wife to said Fox were declared fraudulent and void, and the defendants in that suit were decreed to release their interest in the premises levied upon to the tenant, except the dower of Mrs. Wyman, whose rights as dowress were not thereby to be affected.   *Wyman v. Fox*, 59 Maine, 100.

Amos Wyman having been seized of the premises in which dower is sought to be recovered, during the coverture of the demandant, and having deceased, she having made due demand is entitled to recover her dower, unless it has in some way been released, discharged, or merged in some greater estate.

Richardson *v.* Wyman.

The tenant relies upon the deed of release of Amos Wyman to the demandant dated May 13, 1856, as a bar to her claim for dower, on the ground that her right to dower is merged in the fee then conveyed to her.

The wife has only an inchoate right of dower. Her future estate is contingent upon the precedent death of her husband. The possible estate may never ripen into an actual one. The deed to the demandant, upon which the tenant relies to defeat her dower, was fraudulent and void as to creditors and he, being a creditor, has avoided it. The deed to the demandant releasing to her the fee being avoided for fraud, the tenant would set it up as an existent estate to bar the dower to which she would otherwise be entitled. If no conveyance had been made by Amos Wyman to his wife, her right to dower would have been unquestioned. Reduced to its ultimate elements, the proposition is that a deed fraudulent and void as to the tenant, and which has been avoided by him, may, after such avoidance, be set up by him as a valid and existent deed, for the purpose of defeating and destroying a right to which the demandant would unquestionably have been entitled, had no such deed been executed. When a lesser estate is merged in a greater, the greater estate must be assumed as valid and continuing. There can be no merger when the estates are successive and not concurrent, nor where the greater estate is void and has been avoided. In *Mallory v. Horan,* 12 Abbott, (N. Y.) Pr. Rep., (N. S.) 289, where a husband by a deed in which his wife joined to release dower conveyed to a third person, who conveyed back to the wife, and subsequently both deeds were set aside as being fraudulent as to creditors, it was held that the wife's inchoate right of dower was not merged in the fee conveyed to her, so as to prevent her from claiming it after the deed to her was set aside. So, in the case at bar, the tenant cannot set up one and the same deed as both valid and invalid. It having been avoided at his instance and for his benefit, it must so remain.

Neither is the demandant barred of dower in consequence of the deed of her husband and herself to Henry L. Fox of the date

of June 15, 1858, which was declared void as against the tenant. The dower of a surviving wife is not barred by a fraudulent deed in which she released dower, if the deed is set aside by the judgment of the court at the instance of creditors of the husband. *Dugan v. Hussey*, 5 Bush. (Ky.) 83 ; *Lockett v. James*, 8 Bush. (Ky.) 28. Where a wife joins with her husband in a deed conveying land, and thereby relinquishes dower, and a creditor of the husband afterward levies an execution upon the land, during the life of the husband, and recovers it in a real action against the grantee, on the ground that the conveyance was fraudulent and void as against creditors, the wife is restored to her rights, and may recover dower of such creditor, or of his assigns. *Robinson v. Bates*, 3 Metc., 40.

The tenant acquired the fee by his levy. The decree in the case of *Wyman v. Fox*, 59 Maine, 100, specially excepted the dower of the demandant. *Judgment for the demandant, that she recover her dower.*

CUTTING, DICKERSON, BARROWS, DANFORTH, and VIRGIN, JJ., concurred.