# WHEELING.

## HIMAN v. THORN.

Submitted June 6, 1889.—Decided June 27, 1889.

1. FRAUDULANT CONVEYANCE—STATUTE OF LIMITATIONS.
    When a father conveys to his son a portion of his estate for a consideration not deemed valuable in law, said conveyance can not be set aside for that cause only in a suit brought for that purpose after the lapse of five years from the date of said conveyance.

2. FRAUDULENT CONVEYANCE—BURDEN OF PROOF—EVIDENCE.
    Where a bill filed by a creditor alleges, that a deed from said father to his son was in fact voluntary although reciting on its face a valuable consideration, and the son in his answer denies the allegation and claims, that he paid a valuable consideration for said land, the burden of proof is on the son to show that said consideration was paid, and the recital of the deed is no evidence against the creditor.

3. FRAUDULENT CONVEYANCE—STATUTE OF LIMITATIONS.
    Although fraud in fact after the lapse of five years from the date of the conveyance must be alleged and shown, to impeach such conveyance even as to an existing creditor, yet fraud may be inferred from the facts and circumstances of the case.

*M. H. Dent* for appellant.

No appearance for appellee.

ENGLISH, JUDGE:

On the 1st day of October, 1867, Dr. Thorn executed his note under seal payable twelve months after date, to. Miles A. Himan, or order, for the sum of $1,500.00 with interest thereon from date, for value received, being the last payment for the purchase-money of said Himan's house and lot in Grafton and one vacant lot in South Grafton; and on the 22d day of September, 1879, Mary L. V. W. Himan, executrix of the last will and testament of said Miles A. Himan, deceased, obtained a decree in the Circuit Court of Taylor county against said Dr. A. Y. D. Thorn for the amount of said note and the interest thereon accrued, under which decree certain property belonging to said Thorn was sold not sufficient however to satisfy said decree, but leaving a balance due on said decree of $1,165.54; and at the November rules, 1880, said executrix filed her bill in said court against Thorn and others for the purpose of enforcing said decree, which had been docketed against other lands of Thorn, which she alleged were liable to the lien created thereby. In her bill she alleged, that, at the time the debt was contracted, upon which said decree was predicated, Thorn was the owner of a large and valuable estate in the county of Taylor, which he continued to hold, until he disposed of the same by dividing it out among all his children, conveying it all away, until at the time of filing said bill he had nothing left but a very small portion of said estate and was hopelessly insolvent.

Plaintiff also alleges, that on the 13th day of April, 1880, she caused said decree to be docketed on the judgment-lien-docket of the county, and that on the 11th day of April, 1870, three years after the said indebtedness was contracted, Thorn executed a conveyance to his son Abraham Thorn for 123¾ acres of land lying in said county, for the nominal consideration of $600.00, which she alleged never was paid, and never was intended should be paid, and, if paid, was far below the real value of said land; that on the 9th day of September, 1872, five years after said indebtedness was contracted. Thorn executed a deed of conveyance to his daughter Louisiana Houser for 68½ acres of land, worth in reality $2,000.00 for the nominal consideration of $500.00 and the natural love and affection of said Thorn for his

daughter aforesaid ; that said sum of $500.00 was never paid nor intended to be paid by said grantee to said grantor ; that said grantee had no way or means of raising any such sum of money; that her husband was poor and without property; and that said conveyance was strictly a gift; that on the 3d day of February, 1873, six years after said indebtedness was contracted, Thorn executed a voluntary conveyance to his son William Thorn for ninety five acres of valuable land lying in said county for the nominal consideration of $500.00 or $600.00, which was less than half the value of said land, and that said consideration never was paid and never was intended to be paid; that on the 31st day of December, 1877, ten years after said indebtedness was contracted, and some time after suit had been instituted to enforce the collection of the same, Thorn executed a deed of conveyance to his son George M. D. Thorn for seventy five acres of land lying in said county, for the sum of $1,500.00 cash in hand, which sum the plaintiff alleged never was paid, and it was never intended it should be paid ; and that all of said conveyances were made by Thorn to his children upon consideration not deemed valuable in law, and were mere gifts from a father to his children, and having been executed subsequently to the incurring of said indebtedness were as to the same fraudulent and void by law; that on the 13th day of September, 1879, but a few days prior to the term of court, at which plaintiff's decree was rendered, Thorn anticipating said decree having delayed the rendition of the same as long as it was possible for him to do so, for the purpose of further hindering and delaying the plaintiff in the collection of said indebtedness, and for the purpose of defrauding her, executed another deed of conveyance to James N. Turnley, his son-in-law, voluntarily conveying to him a valuable tract of land containing twenty five or thirty acres, including a grist and saw-mill worth $2,000.00 for the nominal consideration of $625.00 which, she alleges, never was paid and never was intended to be paid, and that said Thorn ever since has held and still is continuing to hold and enjoy said property; that said deed was made not only on consideration not deemed valuable in law but also to delay, hinder, and defraud plaintiff, and to avoid the effects of plaintiff's said decree, and is

therefore void as to her; that Thorn together with Joseph
W. and Isaac N. Davis conveyed a small lot of ground to
Hiram G. Larew reserving a lien for the sum of $100.00 un-
paid purchase-money; that Thorn owns a small lot of little
value in South Grafton in said county, conveyed to him by
Miles A. Himan, deceased, and Elenore Thomas; that Fred
Bernhold has two separate judgments against Thorn, ren-
dered by the Circuit Court of said county on the 6th day of
October, 1879, and recorded in the judgment-lien-docket of
said county on the 25th day of October, 1879; that about
$60.00 remains unpaid on said judgments, and that they are
liens on the lot sold by Thorn to Larew, and should be paid
out of the proceeds arising from the sale thereof; and she
prayed that said lots and tracts of land may be sold in their
proper order, and that after the discharge of said Bernhold
judgments her decree may be paid and satisfied.

James N. Turnley was made a defendant and answered
said bill admitting, that he purchased said tract of land from
Dr. A. Y. D. Thorn on the 13th day of September, 1879, at
the price of $625.00, and claiming that he paid the entire
purchase-money; that said Thorn owed him a large portion
of said purchase-money, and had owed him for years, and
that said Thorn proposed to sell him said property at the
above-named price, which he then and now believes to have
been a fair price, and that his principal object in buying
said land was to collect what said Thorn owed him; that
he had no purpose whatever of perpetrating or assisting said
Thorn in perpetrating any fraud upon plaintiff or any one
else; that the price paid was its full value, considering the
fact, that the wife of said Thorn did not join in the con-
veyance, Thorn being about seventy five years of age, and
his wife about fifty five. He denied all fraud or intention to
hinder or delay plaintiff in the collection of her debt against
said Thorn. He admitted that Thorn was his father-in-law
and had continued to live on said property since he (respond-
ent) bought it.

George M. D. Thorn was also made defendant and an-
swered said bill claiming, that it was not true, that the con-
veyance of seventy five acres of land by deed dated December
31, 1879, was upon consideration not deemed valuable in

law and was a mere gift; that he bought said land in good faith from Thorn, and paid him therefor the sum of $1,500.00, which was a full price for the land; and that his deed was recorded long before plaintiff's judgment was rendered.

Hiram G. Larew also filed an answer, in which he claimed, that the lot of ground near Irontown in said county now owned by him and mentioned in the bill was sold by Thorn to Joseph W. Davis and Isaac N. Davis on the 23d day of June, 1873, and by said Davis to him on the 31st day of January, 1880, and that Thorn had never owned it since the 23d day of June, 1873; that no deed from Thorn was ever admitted to record for the lot in Taylor county until the 9th day of April, 1880, and that the defendant Bernhold's judgments were docketed in the judgment-lien-docket of the county on the 25th day of October, 1879, and are liens upon said lot, unless they have been paid off, but claimed, that they had been paid off in full; that the plaintiff's decree and said Bernhold's judgments were both rendered at the same term of court and are of equal priority and should be paid *pro rata* out of any real estate owned by Thorn, and that therefor plaintiff has not a first lien upon the lot in South Grafton; that Thorn assigned the $100.00, which he owed him for the lot to John W. Mason on the 9th day of April, 1880, and that on that day Mason notified him of the assignment, and that Mason still claims the same, and denied that plaintiff has any lien upon said lot or said money.

Abraham Thron also answered plaintiff's bill denying the allegation, that said 123¾ acres of land was conveyed to him on the 11th day of April, 1870, for a mere nominal consideration, and claiming, that he paid $600.00 for the same, which was a full and fair consideration; that he bought said land and took possession of it on the 27th day of February, 1861, and has been in continuous possession of the same ever since; that at the time of the purchase Thorn made and delivered to him a title bond for the land; that he paid Thorn $250.00 before the sale and executed his two notes for $175.00 each for the residue, due in four and six years respectively, which notes have been paid long ago; that Thorn did not make him a deed for said land until the 11th

day of April, 1870, that the deed was recorded on the 5th day of September, 1870, long before plaintiff's judgment was rendered; and that, more than five years have elapsed from the time, when said deed was made to him and recorded, to the time of the commencement of this suit by plaintiff, he denies the right of plaintiff to call in question the validity of the same on account of its being voluntary or for consideration not deemed valuable in law, even if such were the fact.

William Thorn also answered said bill and claimed, that he bought the ninety five acres mentioned in plaintiff's bill from Thorn in the year 1870, at the price of $600.00, all of which and more too he paid, and that a deed was made to him on the 3d of February, 1873; and he denies the right of plaintiff now to inquire into the sufficiency of said consideration, more than five years having elapsed from the time, when said deed was made to him, to the time of the institution of this suit; and claims, that, if it had been a mere gift, plaintiff could not now have the deed declared void for that cause.

Louisiana Houser and John M. Houser also answered said bill and in their answer claim, that the tract of land conveyed to said Louisiana was so conveyed in consideration of $500.00 named in the deed; that the same was a full and valuable consideration, and that said consideration was all paid by her, long before said deed was made; that she bought the land and took possession of it in the year 1861, and had had possession of it continuously ever since; that the deed therefor was made to her on the 9th day of September, 1872. They deny, that said land was a gift to said Louisiana, and aver, that, more than five years having elapsed from the time of making said deed before the commencement of plaintiff's suit, said deed could not now be declared void for that cause, if said land had in fact been a gift, and that no other cause is averred in the bill.

Plaintiff then filed an amended bill alleging, that said Thorn transferred and assigned his purchase-money-lien on the Larew property to defendant John W. Mason, and that said Mason now claims to be the owner of said lien. She also alleged, that said Larew, at the time he purchased the property and took a deed therefor from Thorn, had

notice of plaintiff's decree and Bernhold's judgment, and that Turnley had notice of plaintiff's original suit at the time he purchased said land.

On the 2d of August, 1882, a decree was entered directing Commissioner Dent to ascertain the liens and their priorities against the real estate of Thorn and the real estate liable to the payment of the same; and in response to the requirements of said decree said commissioner reported the aggregate amount of the liens against the real estate of Thorn to be $1,524.21; the amount in favor of plaintiff including interest $1,436.86; and the amount in favor of Bernhold $48.35; and that Thorn was the owner of the following real estate, upon which said judgments are liens, to wit, a vacant lot in the town of Grafton, worth in fee $50.00 and of no rental value, also one fourth of an acre of land, situated near Irontown in Taylor county, W. Va., represented by deed (Exhibit N) filed with plaintiff's bill; and he submitted to the court the question, whether the tract of land conveyed to Turnley by Thorn described in Exhibit M with the bill was so conveyed without consideration deemed valuable in law, or whether the same was made to hinder, delay and defraud his creditors, and also whether the conveyance made by Thorn to his son George M. D. Thorn, on the 31st day of December, 1877, was a gift and not for a valuable consideration; and, if these questions were found affirmatively, then the Turnley tract and the tract sold to his son George M. D. Thorn were liable and should be subjected in the order, in which they are named in said report; and commissioner in support of his report returned the depositions and papers read and upon which the same was made.

The defendant Hiram Larew excepted to so much of said report as charged the lot sold to him with the judgment of plaintiff against Thorn; and on the 7th day of August, 1885, the court by its decree sustained the commissioner's report, so far as it ascertained, that the Bernhold judgment and plaintiff's decree were on equal footing in point of priority, overruled the exception of said Larew, confirmed said commissioner's report and directed, that, unless said judgments be paid in thirty days, the vacant lot in South Grafton and the lot sold by Thorn to Larew be sold by a commissioner

therein mentioned in the order and upon the terms therein set forth; and the court further ascertained from the pleadings and proofs in the cause, that the lands in said bill mentioned and described as conveyed to William Thorn, Abraham Thorn, George M. D. Thorn, Louisiana Houser, and James M. Turnley by Dr. A. Y. D. Thorn are not liable for the plaintiff's judgment, and that none of them should be sold therefor, and directed a dismissal of the bill as to them. From this decree the plaintiff appeals to this Court.

Did the court below err in holding, that the lands in said bill and proceedings mentioned and described as conveyed to William Thorn, Abraham Thorn, Louisiana Houser, George M. D. Thorn, and James M. Turnley by A. Y. D. Thorn were not liable for plaintiff's decree, and that none of them should be sold therefor, and in dismissing plaintiff's bill as to said parties? As to the tracts conveyed by Thorn to his children the conveyances are assailed by plaintiff on the sole ground that they are voluntary; and said defendants plead and rely upon the Code c. 104, s. 14 which limits the time, within which a suit may be brought to set aside a conveyance on the ground alone that it was voluntary, to five years; and I am of opinion, that said plea is a complete defence to plaintiff's suit, so far as said conveyances to Abraham Thorn, Louisiana Houser and William Thorn are concerned.

As to the conveyance made to the defendant George M. D. Thorn it is attacked, on the ground that it was voluntary and was made not only after the incurring of the indebtedness, but after the suit was brought by plaintiff to enforce the collection of the same; and George M. D. Thorn merely denies, that the conveyance was voluntary, and claims, that he bought the land in good faith and paid therefor the sum of $1,500.00, which is a full price for the land; that all of said money was paid prior to the institution of plaintiff's suit; and that his deed was recorded before plaintiff's judgment was rendered. In the case of *Cohn* v. *Ward*, *supra*, p. 34 the Court uses the following language: "It is the settled law of this state that the recital in a deed of the payment of a consideration for the conveyance is not evidence as against a stranger, or a creditor of the grantor, assailing

it as voluntary, and therefore fraudulent as to him. In such case the burden of proving that the deed was made for a valuable consideration rests upon the grantee or persons claiming the benefit of the deed." See *Rogers* v. *Verlander*, 30 W. Va. 620, 5 S. E. Rep. 847. In the last-named case (third point of syllabus) the court held: " Where a subsequent creditor of a grantor assails in a chancery suit a deed made by the grantor, as voluntary and fraudulent, the recital in the deed that the grantee had paid the grantor a valuable consideration is not evidence against the creditor of such payment, and the burden of proving that a valuable consideration was paid by the grantee to the grantor is upon the grantee, but the burden of proving that the deed was fraudulent in fact is upon the creditor." It will be perceived that the defendant, George M. D. Thorn, has taken no proof whatever to sustain the allegation in his answer that he paid his father $1,500.00 for the land, and that the same was a full price therefor, and that the same was paid before the institution of appellant's suit; but that he seems to rely entirely on the recitals of his deed to show what consideration was paid; and as the burden of proof was on him, and said recitals proved nothing as against the plaintiff's allegation, that the deed was voluntary, said conveyance must be considered and held to have been made by the grantor without any consideration deemed valuable in law, and therefore void as to the claim asserted by the appellant in her suit and the creditors of said Doctor Thorn.

As to the conveyance made by said Dr. Thorn to his son-in-law, William A. Turnley, its validity is assailed on two grounds : *first*, that it was voluntary; and, *secondly*, that said deed was made with intent to hinder, delay and defraud the plaintiff and to avoid the effects of her decree. The burden of showing, that this deed was fraudulent in fact rests upon the plaintiff. In the case of *Livesay* v. *Beard*, 22 W. Va. 585, this court held: " Fraud may be legally inferred from the facts and circumstances of the case, when the facts and circumstances are of such a character as to reasonably lead to the conclusion that the conveyance was made with the intent to hinder, delay, and defraud creditors;" and, although no depositions were taken by the plaintiff to support the al-

legation of fraud on the part of said Thorn in making said deed to Turnley, there are circumstances apparent in the case, which taken in connection with the depositions of said Turnley and Thorn must lead us to the conclusion, that said conveyance to Turnley was made with intent to hinder, delay and defraud the appellant.

It will be seen, that the debt due the plaintiff was a large one and doubtless by far the largest debt owed by Thorn. It originated as early as October, 1867, at which time it was $1,500.00; and the interest was allowed to accumulate until the 22d of September, 1879, when a decree was taken for the claim then amounting to $2,216.91; and under that decree some property of defendant Thorn was sold, sufficient to reduce the debt to $1,165.57, upon which balance this suit is predicated. Now, is it possible that Turnley, the son-in-law of Thorn, was ignorant of the existence of this debt, to enforce the collection of which suit was pending at the time, when said conveyance was made to him, and had been so pending some time previous thereto? And yet Turnley in his deposition makes the following answers to the questions propounded to him:

*Question.* "How did you happen to be at Dr. Thorn's at that time?" *Answer.* "Dr. Thorn sent for me." *Q.* "What did he say he wanted with you?" *A.* "He said he could not pay me what he owed me, and he wanted me to buy the place, so that I could make my money?" *Q.* "Why did he say he wanted to sell it?" *A.* "He told me he could not pay me, and wanted to sell the place to me." *Q.* "Did he say anything about owing anybody else? "*A.* "Yes, he spoke of these executions against the place, and that he owed some bills at Wheeling. I do not remember whether he mentioned owing any one else or not." *Q.* "Did he not tell you at that time that he owed the debt due the plaintiff in this case?" *A.* "No, sir; he did not." *Q.* "Did he not tell you that there was a suit pending against him to enforce the collection of this debt out of some property he owned in Grafton?" *A.* "Dr. Thorn told me he had a suit in Grafton, but he did not tell me it was against the property I bought, or against any other property that I know of."

It is, to say the least of it, somewhat remarkable that Dr.

Thorn should send for his son-in-law and tell him he was about broken up and propose to sell him this mill-property to secure said Turnley for some small amounts he had paid for Thorn at different times, and mention nothing about this large claim, which was pressing him most severely, and on which a decree was obtained a few days afterwards; and in this connection it will be noticed, that the plaintiff in her amended bill alleges, that Turnley had notice of her original suit, when he purchased the land; and no answer has ever been filed by him denying said allegation. Another circumstance, which may be regarded with suspicion, is the fact, that the defendant, Thorn, in his deposition, when asked, "Did he not pay you the whole of the purchase-money on that day?" (meaning the day the deed was executed,) answered, "No, sir; he did not. Only that I owed him might have been considered paid." He also states, that he took no writing from Turnley, showing when or how he was to pay the purchase-money; and, when asked, why he did not keep the deed, until the purchase-money was paid, he answered, "The deed was written here and acknowledged and I just gave it to him to have it recorded." It further appears from his deposition, that no settlement was at that time made between him and Turnley, and it was not ascertained what amount was to be paid in cash. Thorn was permitted to remain in possession of the property, after the deed was made and delivered, free of rent, and so yet remains; and no acquittance of any character seems to have been executed or delivered by Turnley to Thorn for the alleged indebtedness of Thorn to him, which he says was to be considered as part of the purchase-money paid; and Turnley seems to have held possession of the notes he claims to have paid for Thorn at the time his deposition was taken in this cause; and, while the testimony in regard to the adequacy of consideration is somewhat conflicting, it seems to me, that the weight of the disinterested evidence is, that the amount contracted to be paid by Turnley was grossly inadequate.

In the case of *Livesay* v. *Beard, supra,* this Court further held in the Syllabus Pts. 5, 6, 8, 9:—"5.—Where the facts and circumstances in any case are such as to make a *prima facie* case of such fraudulent intent, they are to be taken as

conclusive evidence of such intent, unless rebutted by other facts and circumstances in the case."—"6.—Although a deed may be made for a valuable and adequate consideration, yet, if the intent of the grantor in making it be fraudulent, the deed will be void if the grantee had notice of such intent."— "8.—Where, after an absolute conveyance of real estate by a debtor in failing circumstances, he remains in possession of the land, without contract, and without accounting for the use of the land, these facts are evidence of fraudulent intent in such conveyance."—"9.—Concurrent possession of both the grantor and grantee in an absolute deed after the conveyance is a badge of fraud."

Applying these principles, and the principles laid down in the case of *Lockhard* v. *Beckley*, 10 W. Va. 87, to the facts and circumstances developed in this cause with reference to the conveyance made by Thorn to Turnley we must conclude, that said conveyance was made with intent to hinder, delay and defraud the plaintiff, and is void as to the claim asserted by her, as executrix in this cause, and also as to the other creditors of said Thorn.

As to the lot near Irontown now held by Hiram G. Larew, which was sold by Thorn to Joseph W. Davis and Isaac N. Davis on the 23d of June, 1873, and by said Davis to Larew on the 31st of January, 1880, it appearing; that said Bernhold's judgments were rendered at the same term of court, that the plaintiff's decree was rendered, any amounts remaining unpaid on said judgements would be entitled to a *pro rata* satisfaction out of property liable thereto belonging to defendant Thorn; and in subjecting said property the plaintiff should resort to and exhaust the other property belonging to Thorn including the tracts, which he attempted to convey to George M. D. Thorn and James Turnley, before resorting to the said lot now held by said Hiram G. Larew.

The decree complained of must be reversed, and the cause is remanded to the Circuit Court of Taylor county for further proceedings to be had therein in accordance with the rules of equity and the principles herein announced, with costs to the appellant.

REVERSED—REMANDED.