## CHARLESTON.

ARGAND REFINING CO. *et al.* v. QUINN *et al.*

Submitted June 8, 1894.—Decided November 24, 1894.

1. FRAUDULENT CONVEYANCES—DEBTOR AND CREDITOR.

Under section 2 of chapter 74 of the Code of 1891 an insolvent debtor can not prefer his creditor or creditors by a deed of trust formally executed upon his real estate subsequent to the passage of said act, but the same shall be taken and held to be made for the benefit of all the creditors of such debtor.

2. CONSTRUCTION OF STATUTE.

In interpreting a statute it should be so construed, that, if it can be prevented, no clause, sentence or word shall be superfluous or insignificant; and in construing a proviso or exception contained in the statute the same rule should be applied.

EWING, MELVIN & EWING for appellants cited 34 W. Va. 207; Wade Ret. Laws. § 34; 34 W. Va. 524; Per. Trusts (4th Ed.) § 586; 30 W. Va. 123; End. Inter. Stat. §§ 340 ·341; Id. § 216; 129 U. S. 36.

S. G. SMITH and WHITE & ALLEN for appellees, cited 37 W. Va. 559; 15 Pet. 141; Id. 165; 93 U. S. 78; 57 Pa. St. 193; 37 W. Va. 552.

SIMPSON & SHOWACRE, C. C. NEWMAN and J. L. PARKINSON for appellees cited Code, c. 74, s. 2; 22 W. Va. 356; 30 W. Va. 123; 1 Tuck Comm. 12, 13; Burr. Ass. 123; 27 W. Va. 702; 1 Munf. 205, 208; 3 Rand. 522; 2 Call 406; 1 Kent Comm.

462; Bl. L. Dict. 273; 21 Barb. 551; 29 Conn. 356; Suth. Const. Stat. §§ 218, 247, 253; 1 Wash. 463; 8 W. Va. 322; 50 Am. Dec. 422; 22 W. Va. 356; 37 W. Va. 553; 147 Ill. 176; 120 Ill. 208; Id. 403.

English, Judge:

On the 20th day of November, 1894, the Argand Refining Company, a corporation, and others claiming to be creditors of C. C. Quinn filed their bill in equity in the Circuit Court of Marshall County alleging, that on the 24th day of January, 1894, said C. C. Quinn was indebted to said company in the sum of eighty seven dollars and seventy one cents and also alleging that said defendant was indebted in different amounts therein specified to other parties therein named; that on the 11th day of December, 1890, said C. C. Quinn and wife conveyed to T. J. Parsons, trustee, the south fractions of lots 127 and 128 in the city of Moundsville in said county to secure the Home Building and Loan Association the sum of one thousand eight hundred dollars; that on the 13th day of December, 1890, said Quinn executed to Charles C. Newman, trustee, a deed of trust purporting to convey the same real estate in trust to secure three notes therein described, which notes, they allege, have been paid off and satisfied, with the exception of a note for three hundred dollars, which, they allege, is entitled to some credits; that on the 29th day of April, 1892, the said C. C. Quinn and wife executed to the said T. J. Parsons, as trustee, another deed of trust on said property to secure to the Home Building and Loan Association the sum of six hundred dollars, and that on the 24th day of January, 1894, said Quinn and wife executed to George B. Peabody, as trustee, a deed of trust purporting to convey the same property and also everything in the store room and warehouse, where the said Quinn was conducting a hardware store for the sale of goods, wares and merchandise, in the said city of Moundsville, purporting to secure to George W. Johnson's Sons the payment of a note for three thousand six hundred and ninety six dollars and eighty nine cents, dated January 22, 1894, and payable six months after date at the Bank of Wheeling;—that the

goods, ware and merchandise at the date of said last-mentioned deed in said store had been purchased by said Quinn, and that a good many, if not most of the debts named in said bill were contracted in the purchase of said goods, and that the said Quinn had very little other personal property (only a few articles of household and kitchen furniture) and that he did not own any other real estate than that above mentioned;—that at the time of the execution of said last-named deed of trust he was unable to pay his debts, and was utterly insolvent, and that his property was not and is not sufficient to pay his debts, and that said last-named deed of trust was a conveyance, transfer and charge made by an insolvent debtor giving or attempting to give a priority or preference to a creditor of said insolvent debtor, Quinn, which provided or attempted to provide for the payment of a creditor of such insolvent debtor to the exclusion or the prejudice of the plaintiffs or other creditors of the said C. C. Quinn; and that said last-named deed of trust is void as to such priority, or preference, or payment, so attempted to be made, and that the same must and should be held and taken to be a conveyance, transfer or charge made for the benefit of all the creditors of the said C. C. Quinn, and that all the estate, property and assets named in said deed of trust or referred to and sought to be conveyed should be applied upon the debts and paid to the creditors of C. C. Quinn *pro rata*.

The plaintiffs further allege, that said C. C. Quinn was not at the time of the execution of said deed of trust indebted to the said George W. Johnson's Sons in the sum named in said deed of trust, and that the same was fraudulent and made to hinder, delay and defraud creditors, and among them the plaintiffs;—that on the 25th day of January, 1894, said C. C. Quinn executed to T. J. Parsons, trustee, another deed of trust, purporting to convey the same real estate, for the purpose of securing to the Bellaire Stove Company a note dated January 10, 1894, for four hundred and thirty eight dollars and thirty one cents, payable one year after date;—that said deed of trust was made by an insolvent debtor, insolvent at the time of making it,

giving or attempting to give a priority or preference to the creditor therein named, and for the payment of the debt of said insolvent debtor to the exclusion and prejudice of other creditors of the said insolvent debtor, Quinn, including the plaintiffs, and that said last named deed of trust is void as to such priority or attempted priority or preference and must be held to have been made for the benefit of all the creditors of him, the said Quinn, to whom he was indebted at the time said deed was given, including the plaintiffs, and should be so applied;—that on the 26th day of January, 1894, the said C. C. Quinn and wife executed to J. A. Ewing, as assignee and trustee, a deed of trust purporting to convey the same property, real and personal, together with all his personal property, professedly for the purpose of securing all his creditors;—and that said three deeds of trust last referred to are parts of a general purpose and design on the part of said Quinn to defraud his creditors generally, and that they were intended to delay, hinder, and defraud his creditors, including the plaintiffs.

The plaintiffs prayed, that an account be taken, to ascertain the liens upon said property named in said deed of trust together with their priorities;—that the deed of trust of the 24th of January, 1894, be decreed null and void, and that it be set aside, or that the court would declare it to be taken and held as a conveyance and transfer made for the benefit of all the creditors of the said C. C. Quinn existing at the time it was made, and whose debts are not paid;—that all said property be sold under the direction of the court and applied to the payment of the debts of the said Quinn under the direction and decree of the court; and for the appointment of a receiver.

George W. Johnson's Sons filed an answer to the plaintiffs' bill, putting in issue all of the material allegations as to the deed of trust executed by C. C. Quinn and wife to George B. Peabody, trustee, on the 24th day of January, 1894.

In pursuance of a decree rendered in said cause on the 20th day of November, 1894, directing T. J. Parsons, one of the commissioners of the court, to ascertain the liens and their priorities upon the property, said commissioner

returned and filed his report, ascertaining therein that a note executed by C. C. Quinn, dated January, 24, 1894, for three thousand six hundred and ninety six dollars and eighty nine cents, secured by deed of trust on real estate, was fifth in point of priority.

To said report the plaintiffs excepted, first, in so far as it reported said deed of trust as a lien prior to other debts, and also so far as it gave any preference to said deed of trust in favor of the Bellaire Stove Works; second, in so far as it gave or attempted to give the judgments named, or any of them, preference; third, because said Johnson's deed of trust should have been reported as operating as a general deed of trust for the benefit of all the creditors, then existing, of said Quinn.

On the 30th day of March, 1894, said cause was heard upon the exception to said commissioner's report, and upon consideration thereof the court held that said deed of trust to George B. Peabody, trustee, dated the 24th day of January, 1894, and the deed of trust to T. J. Parsons, trustee, on the 25th day of January, 1894, being made by the defendant C. C. Quinn while he was insolvent, as reported by the said commissioner, and as shown by the testimony in the cause, were both void in so far as they secure or attempt to secure the debts respectively therein named, and that they operated for the benefit of all the creditors of the said C. C. Quinn at the time of the said deeds respectively, and sustained said exception; and also sustained the exception of the plaintiffs to such debts as the said report states that any priority by reason of the judgments therein named, in so far as applies to the distribution of the funds therein; and also ascertained the debts owing by the defendant Quinn at the time he gave each of the said deeds of trust, together with the priorities thereof.

On the 7th day of April, 1894, the cause was further heard upon the report of C. C. Newman, who was appointed by the court receiver to collect the rents and profits, and to sell the real estate mentioned and described in the bill, which report was confirmed, and said receiver was directed to disburse the proceeds of sale then in his hands—first, in payment of state and county taxes, seventy seven dol-

lars and twenty five cents; second, taxes to the city of
Moundsville, one hundred and ten dollars and ninety cents;
third, to the Home Building & Loan Association of Mounds-
ville, one thousand two hundred and forty dollars and
thirty six cents, with interest from the 28th of March,
1894, and then the Marshall County Bank, on J. R. and
J. A. Daggs' note three hundred and fifty eight dollars and
fifty cents with interest from the 28th day of March, 1894,
and then the Home Building & Loan Association of
Moundsville, four hundred and ninety nine dollars and
sixty four cents, with interest from the same date, and any
of the other proceeds of said sale then in his hands or col-
lected by him among the other creditors of said C. C.
Quinn whose debts had been ascertained in this cause *pro
rata*.

From this decree the said George W. Johnson's Sons ap-
plied for and obtained this appeal.

A proper determination of the questions raised by the
exceptions filed to said commissioner's report involves a con-
struction of that portion of section 2 of chapter 74 of the Code
which is as follows: "Every gift, sale, conveyance, assign-
ment, transfer or charge, * * * made by an insolvent
debtor to a trustee, assignee or otherwise giving or attempting
to give a priority or preference to a creditor or creditors of
such insolvent debtor or which provides or attempts to pro-
vide for the payment in whole or in part of a creditor or
creditors of such insolvent debtor, to the exclusion or prej-
udice of other creditors, shall be void as to such priority,
preference or payment so made or attempted to be made,
and all such {gifts, sales, conveyances, assignments, trans-
fers and charges shall be deemed void as to such priority,
preference or payment, and every such gift, sale, convey-
ance, assignment, transfer or charge shall be deemed taken
and held to be made for the benefit of all the creditors of
such debtor except as hereinafter provided and all the es-
tate, property and assets given, sold, conveyed, assigned,
transferred or charged as aforesaid shall be applied upon
the debts and paid to the creditors of such insolvent debtor
*pro rata*, provided, that nothing in this section contained
shall be taken or construed to change, impair or affect any

prior lien, priority or incumbrance acquired by a creditor on the real estate of such debtor in any manner now prescribed by law."

In the case we are considering, a deed of trust was executed on the 24th day of January, 1894, on certain real and personal estate, by an insolvent debtor, which, if held to be a good and valid lien, would be to the exclusion and prejudice of other creditors. Could such a deed of trust at the date it was executed by an insolvent debtor be regarded as a prior lien? It is true that, at the time the clause of the statute we are considering was enacted, an insolvent debtor might prefer his creditors; but it is equally true that after the passage of said clause an insolvent debtor could not prefer his creditors. This deed of trust was executed several years after the passage of said section, and, it is conceded, was executed by an insolvent debtor. In order that this deed of trust should fall within the protection of the proviso contained in said section, it must constitute a prior lien, priority, or incumbrance on the real estate therein described, acquired in the manner now prescribed by law.

Now, while it is true that this deed of trust and its execution may conform to the statutory requirements in force at the time of the enactment of the clause we are construing, yet, if we should hold that a trust executed when this one was, by an insolvent debtor, created a prior lien, priority, or incumbrance on the real estate therein described, it would be equivalent to holding that under this proviso an insolvent debtor could create a valid lien upon his real estate and prefer his creditors as if no change had taken place in the law, and that it was not the intention of the Legislature that real estate should not be incumbered by its insolvent owner giving priority or preference to such creditors as he might select. When we refer to that portion of the enacting clause of the section which is applicable to the circumstances of this case, omitting such portions as have no application, it reads: "Every conveyance made by an insolvent debtor to a trustee, giving or attempting to give a priority or preference to a creditor or creditors of such insolvent debtor or which provides or attempts

to provide for the payment in whole or in part of a creditor or creditors of such insolvent debtor to the exclusion or prejudice of other creditors shall be void as to such priority," *etc.*

The language of the act does not limit the conveyance intended to personal estate, but says, plainly, " every conveyance to a trustee by an insolvent debtor ;" and this conveyance corresponds in all respects to the requirements of that clause, which stamp it as entirely ineffective to create a prior lien. It surely was not the intention of the lawmakers, after using this plain language in the enacting clause, to follow it immediately with a proviso making a deed of trust executed by an insolvent debtor attempting to give preference to one of his creditors on his real estate a prior lien of such a character as to be unaffected by the terms of said enacting clause. It is true a deed of trust was one of the modes by which an insolvent debtor could prefer one or more of his creditors at the time said change was made in the statute, but at the date of this deed of trust the law was changed so that then an insolvent debtor could not execute such prior lien. In order that said deed of trust should be unaffected within the meaning of said proviso, it must constitute a prior lien.

Prior liens under the statute might be created or acquired by judgment properly docketed, by an attachment properly levied, by mechanic's lien recorded as required by statute, *etc.*, but no one would contend that any of these liens were entitled to priority unless they were created in accordance with the statute under which they were created. On the 24th day of January, 1894, C. C. Quinn was not competent to convey his property, real or personal to a trustee, and thereby create a prior lien in favor of one or more of his creditors. If he had then been solvent, he might have done so, because a deed of trust was one of the modes prescribed by law for creating such liens. When the proviso says that " nothing in this section shall be taken or construed to change, impair or affect any prior lien, priority or incumbrance acquired by a creditor on the real estate of such debtor in any manner now prescribed by law," it does not mean or intend, that all subsequent

deeds of trust, to create such priorities, and to be regarded as valid prior liens on real estate must be executed in conformity to the statute existing prior to said change, but must be construed to intend, as applied to the case at bar, that a trust, being a manner in which such liens may be created, must be executed by a competent party, and in accordance with the law at the time it is executed, in such a manner as to create a lien. Were it otherwise, an insolvent man could still prefer his creditors upon his real estate, when the statute provides that every conveyance made to a trustee by an insolvent debtor, giving or attempting to give such priority to a creditor, shall be void as to such priority, *etc.*

At the common-law, a debtor, though insolvent, could convey his property in trust, and prefer his creditor, although the conveyance transferred the entire estate. The statute under consideration was intended to change that law; and in interpreting that statute it should be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous or insignificant. See *Jackson* v. *Kittle*, 34 W. Va., 207 (12 S. E. Rep. 484). And it seems to me that great importance should be attached to the word "conveyance," as used in this statute, in arriving at its meaning and intention. Black, in his Law Dictionary (page 273) defines "conveyance" as "the transfer of the title of land from one person or class of persons to another;" and Sutherland on the Construction of Statutes (sections 247-253) says: "If a statute make use of a word the meaning of which is established at common-law, the common-law meaning shall be given to it." And, applying this rule, the conclusion is irresistible that it was intended an insolvent debtor should not prefer a creditor by lien upon his real estate. In construing the proviso contained in said section the same rule must be applied. It reads: "Provided that nothing in this section shall be taken or construed to change, impair or affect any prior lien, priority or incumbrance acquired by a creditor on the real estate of such debtor in the manner now prescribed by law."

It may possibly be that this proviso was inserted to pre-

vent the retrospective action of the section as to liens existing on real estate at the time the act was passed, but the legislature must be presumed to have known what the law was with reference to these liens at that date; and, conceding that such was not the intention under this proviso, it will be perceived that the thing which is to remain unaffected by the terms of the enacting clause must be a prior lien, priority, or incumbrance acquired by a creditor on the real estate of the debtor in any manner now prescribed by law.

Where a deed of trust was the manner in which the lien was sought to be created, as it was in this instance, it must be such a deed of trust as complies with all the requisites necessary to create a prior lien. A deed of trust prior to this act might have been made by an insolvent debtor, and have the effect of giving to his creditor a prior lien. Subsequent to the act, in order to create a prior lien on his real estate in behalf of such creditor, the debtor must have been solvent at the time it was executed. The words in the proviso, "in any manner now prescribed by law," as I construe them, merely refer to the mode in which the prior lien was created, whether by trust deed, judgment, or otherwise; but, in order that such lien should fall within the exclusive effect of said proviso, if the prior lien is claimed by reason of a trust deed (as in this case) it must appear that such trust deed was executed, not only in accordance with the requirements of the statute, but a competent grantor.

For these reasons the decree complained of must be affirmed with costs and damages.