# CHARLESTON.

LAWYER *v.* BARKER *et al.*

Submitted Sept. 10, 1898—Decided Dec. 3, 1898.

1. FRAUDULENT CONVEYANCE—*Deed of Trust.*
   The syllabus in the case of *Grocer Co.* v. *Williams*, 43 W. Va., 323, and in *Casto* v. *Greer*, 44 W. Va., 332, are affirmed. (p. 472).

2. FRAUDULENT CONVEYANCE—*Deed of Trust—Creditors—Preferred Creditors.*
   Where an insolvent debtor conveys all the property owned by him, being the equity of redemption in a certain tract of land in trust to secure future repairs to be made thereon, and it does not appear that such repairs added to or enhanced the value thereof, such conveyance will be held void, under section 2, chapter 74, of the Code, as to the preference thereby secured. (pp. 470, 471).

Appeal from Circuit Court, Morgan County.

Action by Charles W. Lawyer against John H. Barker

and others.   From the decree rendered, defendant S. A.
Westenhaver appeals.

*Affirmed.*

Flick, Westenhaver & Baker, for appellant.

T. W. B. Duckwall and M. T. Ingles, for appellees.

Dent, Judge :

S. A. Westenhaver appeals from certain decrees of the
circuit court of Morgan County rendered in the case of
Charles W. Lawyer, trustee, against John H. Barker, and
others.   The facts are as follows: John H. Barker, an insol-
vent, on the 13th day of December, 1893, conveyed his
whole estate, consisting of an equity of redemption in a
certain tract of land, to D. C. Westenhaver, trustee, to se-
cure to the defendant S. A. Westenhaver, the payment of
the sum of four hundred and sixty-five dollars, evidenced
by note now held by the Citizens' National Bank of Mar-
tinsburg.   This note was given in payment of repairs to
be thereafter made by the payee on the property con-
veyed, and which were completed within about two months
from the date of the transaction.   The property sold un-
der a prior deed of trust, and the surplus representing the
equity of redemption, were brought into court for its dis-
position.   Appellant claimed that the whole amount should
first be applied to the payment of his trust debt, while the
other creditors of Barker insisted that the trust deed hav-
ing been executed by an insolvent debtor, was an unlawful
preference, and amounted to a general assignment for the
benefit of Barker's creditors, and that the fund realized
should be divided *pro rata* among all the creditors whose
debts existed at the time of the execution of such trust.
The circuit court took the latter view, and distributed the
fund *pro rata*.   Appellant insists that this was error, for
the reason that his debt was not in existence at the time
of the execution of the trust, and that, therefore, he is en-
titled to be regarded as a *bona fide* innocent purchaser,
without notice, but, if not, that the limitations provided in
Acts 1895 apply to his trust.   To sustain either or both of
these positions, this Court is asked to review the so-styled

"hastily and ill-considered" decisions of *Grocer Company* v. *Williams*, 43 W. Va. 323, and *Casto* v. *Greer*, 44 W. Va. 332; yet no argument or principle of law is adduced which was not fully weighed and carefully considered before the above decisions were handed down. All deed of trust creditors are, under certain circumstances, to be regarded as purchasers for value, but, generally speaking, they are nothing more than creditors. Because a person takes a deed of trust from an insolvent, to secure future advances to be made to him, does not make him any more a purchaser for value than any other creditor; and his very action enables the debtor to place his property beyond the reach of his creditors, and throws upon such person the duty of showing the *bona fides* of the transaction; and this cannot be satisfied by merely showing that the advances were made, but it must also be shown, in case they were to be in the shape of repairs, that such repairs were necessary, and added to the value of preservation of the property. The question of fraud was not raised in this case, however; and it appears to be fully proven that repairs to the full extent of the note given were put upon the property; yet there is no evidence showing the character or necessity thereof, or that they in any degree enhanced the value of the property. A vendor's lien is a specific common law lien though modified by statute, while at common law no lien exists on real estate for borrowed money expended or repairs put thereon; hence they are not to be compared together in considering a statute forbidding illegal preferences. A mechanic's lien is purely statutory, had no existence at common law, and can be obtained only in the manner provided in the statute. A deed of trust cannot be made a substitute therefor. Both a vendor's and mechanic's lien can be had without the assistance and against the will of the debtor, and are protected by that clause of section 2, chapter 74, Code, which provides "that nothing in this section shall be taken or construed to change, impair or affect any prior lien, priority or incumbrance acquired by a creditor on the real estate of such debtor in any manner now prescribed by law." This clause is limited to liens acquired by the creditor on the real estate of an insolvent debtor without the latter's

assistance or in *invitum*. *Refining Co.* v. *Quinn*, 39 W. Va. 535, (20 S. E. 576.)

A deed of trust for future advancements or repairs may enable the debtor to place his property beyond the reach of his creditors. The repairs may be fictitious, valueless, or injurious to the estate. The appellant simply proved by his own testimony that he made repairs to cover the amount of the note given. If he had shown that the equity of redemption conveyed as his security was of little or no value, or that the repairs put on the property enhanced the value thereof to their full extent, he might have good grounds to ask the interposition of a court of equity, for the reason that the trust only covered such repairs, and amounted, in effect, to a mere reservation of title or purchase-money lien on his own property, and was therefore, as held in the case of *Johnson* v. *Riley*, 41 W. Va. 140, (23 S. E. 698,) not to the prejudice of existing creditors. Nothing of this kind is attempted, and, so far as the record shows, the repairs did not enhance the value of the equity of redemption; but this subsequent creditor, simply because he is subsequent, asks that the funds be turned over to him, for the reason that he took the precaution, knowing the debtor was insolvent, to have him convey his property in security therefor before the repairs were made. "Ignorance of law excuses no one." He undertook this matter fully advised as to solvency, and his legal rights in the premises; and, if the repairs did not add to or enhance the value of the land, he should not have made them. He did so at his own risk, with the statute before him. Having mingled his property with that of another, the burden is on him to distinguish between the two, and separate them; otherwise, he must be the loser. If he had been able to do so, and thus established the equivalent of a purchase-money lien secured by the reservation of title, he might possibly be held to have an equitable priority to the extent of his repairs or the enhanced value, and thus occupy the place of a preferred creditor, unaffected by the statute, but, as the matter now stands, he cannot be placed on any higher grounds than any other co-existing creditor of the insolvent. He loses ; so do all other creditors lose. His property would not be given to them for nothing, nor

will their property be given for something which is a loss to him, but valueless to them. If he had loaned the debtor the money, he could have placed it beyond the reach of his other creditors; thus they would have been defrauded. Devoting it to apparently useless repairs, adding nothing to the real value of the property, is the same in effect. The case of *Walker* v. *Burgess*, 44 W. Va. 399, (S. E. 99), deals with a general statute of limitations, is further reaching, and approves the case of *Casto* v. *Greer.* The fact that other courts have legislated on the subject of the statute of limitations is not good reason why this Court should do so, especially in disregard of many of its own decisions to the contrary. No good reason appearing why the principles settled in the cases of *Grocer Company* v. *Williams*, and *Casto* v. *Greer*, cited, should be overruled, the same are hereby approved; and the decree complained of; being in accordance therewith, is affirmed.

*Affirmed.*