| | |
|---|---|
| 22 | 673 |
| 34 | 134 |
| 34 | 137 |
| 34 | 185 |
| 22 | 673 |
| 37 | 374 |
| 22 | 673 |
| 39 | 326 |
| 22 | 673 |
| 46 | 88 |
| 22 | 673 |
| 48 | 228 |
| 48 | 420 |
| 22 | 673 |
| 52 | 50 |
| 22 | 673 |
| 54 | 460 |

# WHEELING.

## McMASTERS *v.* EDGAR *et al.*

Submitted June 26; 1883—Decided November 24, 1883.

1. Where property is alleged to have been purchased by a wife, or a conveyance of property is made to her during coverture, the burden is upon her to prove distinctly that she paid for it with means not derived from her husband.    Evidence, that she made the purchase, or that the property was conveyed to her, amounts

to nothing, unless it is accompanied by, clear and full proof that she paid for it with her own separate estate; and in the absence of such proof the presumption is that her husband furnished the means to pay for it and it will be subject to his debts. (p. 676.)

2. A husband sells his land in the State of Ohio and shortly thereafter a tract of land is purchased in this State and the deed therefor made to his wife, and the husband and wife move to and reside upon the land. The husband prior to the sale of his land in Ohio is indebted. The said indebtedness remaining unpaid his creditor obtains a judgment for it in this State after the land had been conveyed to his wife. The creditor then files his bill to subject said land to the payment of his judgment upon the ground that the conveyance to the wife was voluntary and fraudulent as to him. During the pendency of the suit the wife sells and conveys the land to her son who up to this time had been living in Ohio but soon after moves upon said land. The evidence shows that the wife had no separate estate to pay for said land, and the circumstances were such that the son must have had the means of knowing this fact. HELD:

That such creditor of the husband is entitled to subject said land to the satisfaction of his judgment. (p. 677.)

The facts of the case are sufficiently stated in the opinion of the Court.

V. B. Archer tor appellant.

Leonard and Caldwell for appellee.

SNYDER, JUDGE:

Suit in equity brought, October 28, 1879, by T. J. McMasters against Cyrus Edgar and Nancy his wife and others to subject a tract of one hundred and ninety-one acres of land to the payment of plaintiff's judgment. The bill alleges that in April, 1877, the defendant Cyrus Edgar and others executed to A. L. Shriver their joint note for one hundred and twenty-four dollars and two cents payable one year after date, which note after its maturity was assigned for value by said Shriver to the plaintiff; that at the August term, 1879, the plaintiff recovered in the county court of Wirt county a judgment for one hundred and twenty-six dollars and fifty cents, the amount of said note, and also costs against the said Cyrus Edgar; that on May 7, 1878, the said Cyrus pur-

chased one hundred and ninety-one. acres ot land. in Wirt
county .from Peter .L. and George Martin at the price of
eight hundred and sixty-six dollars and eighty-seven cents in
cash, and caused the said Martins to convey said land by
deed of that date to his wife, the said Nancy, with intent to
hinder, delay and defraud his creditors and especially the
plaintiff; that the said Nancy had no money or other estate
to .buy land, and that said land was wholly paid for by said
Cyrus.

The defendants, Cyrus and Nancy Edgar, by their answers,
in general terms positively deny that said land was paid for
by said Cyrus or that the deed to said Nancy was made to
defraud the plaintiff or any creditor of said Cyrus. 'They
aver that the land was purchased and paid for by said Nancy
from her own means inherited from her father's estate; and
that it is her separate estate. They further aver that said
Nancy had sold said land to B. H. Edgar for eight hundred
dollars, which he paid, and that she by deed dated December
12, 1879, in which her husband united, conveyed said land
to said B. H. Edgar.

On June 8, 1880, B. H. Edgar filed his petition in the
cause and on his motion he was made a party defendant.
In his petition which he filed also as his answer; the said B.,
H. Edgar alleges that he purchased and paid the full value
for said land without notice of the pendency of this suit or
that there was any purpose or intent on the part of either the
said Nancy or her husband to defraud any one; that he is an
innocent and *bona fide* purchaser for value without notice and
as such he is entitled to hold said land free from incum-
brance; that at the time he made said purchase he was a res-
ident of the State of Ohio, but afterwards removed to Wirt
county and is now in possession of said land, and that he
always thought it belonged to his mother, the said Nancy,
and was inherited by her from her father.

General replications were filed to said answers, depositions
were taken including those of the defendants, Cyrus and B.
H. Edgar, and on March 30, 1881, the court by its decree
declared said deed from Peter and George Martin to defend-
ant Nancy Edgar fraudulent as to the plaintiff's judgment,
and that the lien of said judgment had priority over the con-

veyance made by said Nancy to defendant B. H. Edgar, and decreed that unless said judgment with interest and the costs of this suit were paid in thirty days, then said land should be sold to pay said judgment and costs. From this decree the defendant B. H. Edgar appealed to this Court.

The appellant claims that the circuit court should not have decreed a sale of the land until the cause had been referred to a commissioner to ascertain whether or not there were other liens than that of the plaintiff's judgment. If this were an error it is not one of which the appellant could complain. This is not a bill to enforce the lien of a judgment against the land of the judgment debtor, but to charge the land in the hands of a fraudulent purchaser for the payment of the debt of his vendor. There being no allegation or evidence in the cause that there was any lien other than that of the plaintiff on, or charges against said land it would not have been proper for the court on its own motion to send the cause to a commissioner, and consequently it was not error not to do so—*Anderson* v. *Nagle*, 12 W. Va. 99; *Neely* v. *Jones*, 16 *Id.* 626; *Weinberg* v. *Rempe*, 15 *Id.* 831.

It is also claimed that the court erred in decreeing a sale of the land without having annulled the deed to appellant. To have done so would have been error. The said deed was valid between the parties. The court by decreeing that it was subject to the lien of the plaintiff's judgment virtually held that it was invalid as to the plaintiff's debt. This was proper. If the debt should be paid before sale, the title of the appellant would remain and he would be entitled to the land as against the grantors. The court did not, therefore, err in refusing to annul said deed—*Murdoch* v. *Welles*, 9 W. Va. 552.

The most material assignment of error relied on by the appellant is, that the decree is not sustained by the evidence. The solution of this question requires an examination of the testimony. I do not think there is any room to doubt the invalidity of the deed from Cyrus Edgar to his wife, Nancy Edgar. It is the settled law of this State, that in a purchase of property by a wife, during coverture, the burden is upon her to prove distinctly that she paid the purchase-money with funds not derived from her husband. Evidence that

she purchased the property or that it was conveyed to her
amounts to nothing, unless it is accompanied by clear and
full proof that she paid for it with her own separate estate;
and in the absence of such proof the presumption is that her
husband furnished the means of payment and the property
will be subject to his debts.     Rose v. Brown, 11 W. Va. 122;
Lockhard v. Beckley, 10 Id. 87; Hunter v. Hunter, Id. 321.

In reference to said conveyance from Cyrus Edgar to his
wife the proof not only fails to establish that the wife paid
for the land from her separate estate, but it proves distinctly
that she had no separate estate. The said conveyance was,
therefore, clearly void as against the plaintiff.   Does the proof
show that the appellant, B. H. Edgar, was a *bona fide* pur-
chaser of the land from his mother, the grantee in said con-
veyance, for a valuable consideration without notice that said
conveyance was voluntary and fraudulent as to the plaintiff
and other creditors of said Cyrus Edgar ?   The proof shows
that he is the son of said Cyrus and Nancy Edgar; that he
purchased the land *after* this suit was instituted; that prior
to the fall of 1878, the father, mother and son all resided in
Monroe county, State of Ohio; that the father sold his land
in Ohio and immediately after this land was purchased in
Wirt county and the deed made to the mother and they
moved upon it; that some time after the son visited his father
and mother in Wirt county and proposed to buy this land
but did not do so.   Afterwards his mother sent him word
that she would sell the land and he came to Wirt county and
on December 12, 1879, he purchased the land at eight hun-
dred dollars, all of which he paid down as he testifies, and
she then made him the deed for it and he moved upon it and
leased a part of it to his father and mother.   When asked
on cross-examination whether he had not prior to his pur-
chase heard that this suit was pending to subject said land to
the payment of the plaintiff's debt, said B. H. Edgar an-
swered "I believe not."   And after stating that he thought
his mother had some separate estate, he on cross-examination
testified that the separate estate he referred to was the land
in suit and that *he supposed* it was paid for with her money.
Being asked if she had any money or means of her own he
said, "I think she had," but could not state any amount. He

also stated that "she owned some sheep and a cow or two," but fails to state when she had said sheep and cows or where she got them. He was twenty-five years old when his deposition was taken in April, 1880. The plaintiff proved by witnesses that when Mrs. Edgar was first married her father gave her a cow and five or six head of sheep and household and kitchen furniture, that this was all he ever gave her, that he was always in debt and hard run and died insolvent. This is the substance of the testimony in the cause; and taking these facts and the circumstances and especially the relation of all the parties to each other, it does not seem to me even possible that the son, B. H. Edgar, could have believed that the land was purchased by his mother with her own separate estate and that the conveyance to her was *bona fide* and for a valuable consideration. His own testimony and the surrounding facts are also conclusive evidence to my mind that he was not an innocent purchaser from his mother. If he did not have actual knowledge of the fraudulent purpose of his father and mother in making these two conveyances, he certainly had information that would have put a reasonable man intending to act honestly on enquiry which would have led to such actual knowledge. And having such information, whether he in fact made the enquiry or not, he will be charged with actual knowledge—*Campbell* v. *Fetterman*, 20 W. Va. 398.

I am, therefore, of opinion that the decree of the circuit court must be affirmed with costs to the appellee, McMasters, and thirty dollars damages.

The Other Judges Concurred.

Affirmed.