# CHARLESTON.

BROOKS, ROGERS & Co. *v.* APPLEGATE & WALTERS *et al.*

Submitted September 17, 1892.—Decided December 17, 1892.

MARRIED WOMAN — SEPARATE ESTATE—HUSBAND AND WIFE—
  BURDEN OF PROOF—PRESUMPTION.

  Where property is alleged to have been purchased by a wife, or
  a conveyance of property is made to her during coverture, the
  burden is upon her to prove distinctly that she paid for it with
  means not derived from her husband.  Evidence that she made
  the purchase, or that the property was conveyed to her amounts
  to nothing, unless accompanied by clear and full proof that she
  paid for it with her own separate estate; and in the absence of
  such proof the presumption is that her husband furnished the
  means to pay for it, and it will be subject to his debts.

DENT & DENT for appellants cited 31 W. Va. 517; 29 W.
Va. 453; 27 W. Va. 206.

J. II. HOLT for appellees cited 12 S. E. Rep. 688; 18 W.
Va. 75; Code, c. 66, s. 3.

BRANNON, JUDGE:

This is an appeal from the Circuit Court of Taylor
county, taken by Brooks, Rogers & Co., upon the dismis-
sal of a bill filed by them against Applegate & Walters and
others to subject a tract of land to a debt against Apple-
gate & Walters, of which firm William II. Walters had
been a member; the bill alleging that the land had been
purchased by William H. Walters of F. A. V. Lucas in
1876, by executory agreement, and afterwards, on February
13, 1886, when Walters was insolvent, conveyed under col-
lusion between Walters and Lucas to Walters's wife, to de-
fraud creditors, and alleging that it was paid for by the
husband.

Certain legal principles control this case.  The Supreme
Court of the United States, in the case of *Seitz* v. *Mitchell*,
94 U. S. 580, laid down the law to be: "Purchases of pro-

perty during coverture by the wife of an insolvent debtor are justly regarded with suspicion. She can not prevail in contests between his creditors and her, involving their right to subject property so acquired to the payment of his debts, unless the presumption that it was not paid for out of her separate estate be overcome by affirmative proof." Notice that the court says that there is, at the outset, from the mere fact that the property was acquired during coverture, a presumption that it was not paid for by her separate estate. The Supreme Court cites and approves cases showing that, in the absence of evidence repelling this presumption, it becomes a violent presumption that she did not so pay for it, and that though the purchase was in her name, and though the money be shown to have been paid by her, she must, in addition, show that she has received money "by will or descent, conveyance, or otherwise, and had invested it in the property claimed;"—that her being seen with money frequently is not of importance, as the presumption would be that it was her husband's.

This Court, in *McMasters* v. *Edgar*, 22 W. Va. 673, has adopted this principle to the fullest extent, holding that "where property is alleged to have been purchased by a wife, or a conveyance of property is made to her, during coverture, the burden is upon her to prove distinctly that she paid for it with means not derived from her husband. Evidence that she made the purchase, or that the property was conveyed to her, amounts to nothing, unless it be accompanied by clear and full proof that she paid for it with her own separate estate; and in the absence of such proof the presumption is that her husband furnished the means to pay for it, and it will be subject to his debts."

In numerous cases has this Court iterated and reiterated this to be the law. *Rose* v. *Brown*, 11 W. Va. 122; *Stockdale* v. *Harris*, 23 W. Va. 499; *Burt* v. *Timmons*, 29 W. Va. 441 (2 S. E. Rep. 780). This is the rule, though the conveyance be not from husband to wife. If we view this land as originally purchased by the husband, the case is still stronger that the wife must prove that she paid her separate means and the case is free from fraud. *Core* v. *Cunningham*, 27 W. Va. 206; *Burt* v. *Timmons, supra.* Having so

often held these principles, we must firmly adhere to them. They are necessary to business safety. The marriage is so often, and can be so readily, used to defraud creditors, the proof is so difficult to obtain to prove that the husband's means paid for the land, that the presumption above defined exists in behalf of creditors.

Starting with these principles, reading the evidence of the husband, his wife, and Lucas, the only witnesses examined, we are compelled to say that we are not at all convinced that Mrs. Walters paid for the land. I shall not detail evidence. What is wanted in opinions giving reasons of decisions is principles of law, not a string of evidence or facts, except so far as to give an understanding of the legal principles, as such evidence would be no precedent in future cases.

While the husband and wife say she purchased the land in 1876, the seller says he can not say which bought, or to whom the title-bond was made, nor who made the notes. He and the husband say a title-bond was given. She says none was given. The bond and notes would answer this question. They are gone, except one note, but that so badly torn it does not tell who signed it. Who tore it? Just before the purchase the debtor sold his farm, and it looks probable he invested its proceeds in this land. No matter if the purchase was in the wife's name. She must prove distinctly, by full proof, that she paid for it out of her separate estate. Herein the case utterly lacks on the wife's side. She alleges she received some property from her father. She does not remember when. She was married in 1866 or 1867. Was it received before the Code of 1869, so as to be her husband's? We do not know. She specifies no amount of property, or its character, so received. The husband specifies only one horse. Who better than they could be expected to specify? They do not. The husband says she received from three to five hundred dollars from her father, but does not state when. She makes no statement about this money. His statement has no particulars on this important point. Here we expect reasonable certainty. These facts overthrow the idea that she received any considerable property from her father. The

whole aspect of the case shows this. They were people of small means. The father could throw full light on this matter. He lives in an adjoining county. He is not produced. No suggestion of any reason why he is not is made. The husband says he does not remember where his wife got two of the three horses that he says in part paid for the land. Why could he not name the persons who sold them to her—in fact, call them as witnesses? Why does she not tell us whence they came? The mode of payment is indefinite.

These are a few of the features from the face of the case. Unless produced literally, the equivocations, evasions, and "don't remembers" of the evidence of witnesses can not be realized.

The land is liable to the plaintiffs' debts; and the cause is remanded, with direction to enter a decree for plaintiffs' debt and subjecting the land thereto.

Mrs. Catherine Walters, upon her petition claiming a lien for two hundred and twenty five dollars for purchase-money mentioned in the deed from Lucas and wife to Cordelia Lewis as assignee of said note, on the present showing, seems to be entitled to it. Her petition makes no parties. No process was awarded upon it. No order was made filing it, and ordering her to be a defendant and the petition to be treated as an answer, nor did any of the parties appear to it. The petition asks relief as much prejudicial to plaintiff and William H. and Cordelia Walters as if a bill. It is based on new matter. Process should be awarded upon it, unless waived, or the parties appear to it, as they have right to defend it. 2 Daniell, Ch. Pr. 1711. If her claim be not successfully defended, she will be entitled to have her debt decreed and given priority. As the court was of opinion to dismiss the bill, this matter was not important; but, where relief is given to plaintiff, it is.

REVERSED. REMANDED.