# TURNER *v.* GOTTWALS.

EQUITY; EVIDENCE; CREDITORS' SUITS; EQUITY PRACTICE.

1. The burden is on a wife to whom conveyances of property are made under suspicious circumstances to show affirmatively that such property was purchased and paid for out of her own separate means and estate, as against the creditors of her insolvent husband.
2. Where a husband, in prejudice of his creditors, advances a substantial sum, in conjunction with money of his wife, to pay for property conveyed to his wife, his judgment creditors may in equity pursue his interest in the property in the hands of the wife and subject it to their claims.
3. A bill by creditors of an insolvent husband to pursue his interest in real estate in the name of his wife, and to subject it to the payment of his debts, will not be dismissed when the testimony shows the husband to have an interest in the property jointly with the wife, but fails to disclose the extent of that interest; but the cause will be remanded to have an account taken to ascertain the amount of the husband's interest.

No. 881. Submitted April 26, 1899. Decided May 4, 1899.

HEARING on an appeal by the complainants from a decree of the Supreme Court of the District of Columbia, dismissing a creditor's bill. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Andrew Wilson* and *Mr. Noel W. Barksdale* for the appellant.

*Mr. D. O'C. Callaghan* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This case was instituted by a judgment creditor against husband and wife, alleging that certain lots or parcels of real estate had been purchased and the conveyances taken

in the name of the wife, when in fact the purchase money, or a portion of it, was money belonging to the husband, and which was invested in the property in the name of the wife to defraud, hinder and delay the creditors of the husband.

The judgment upon which the bill was filed was recovered by the complainant, as assignee of Charles C. Turner, against Martin L. Gottwals, the husband and one of the defendants, before a justice of the peace on the 13th of March, 1895. Executions were issued on the judgment and returned *nulla bona,* and a copy of the judgment was filed in the clerk's office of the Supreme Court of this District and there regularly docketed as authorized by the statute, to effect a lien, and a *fieri facias* was issued thereon, directed to the marshal, and by him returned *nulla bona.*

The deeds to the wife, Charlotte J. Gottwals, for the two lots or parcels of real estate alleged to have been made in fraud of, and to hinder and delay the creditors of the husband, bear date respectively, August 11, 1896, and April 30, 1897; both lots being incumbered with mortgages or deeds of trust, but the amounts due thereon do not appear to have been ascertained.

The bill charges that Charlotte J. Gottwals is the wife of Martin L. Gottwals, the debtor, and that the property described in the deeds mentioned is not her sole and separate estate, but that the whole or at least a part of the purchase money paid for said property was the money of the husband, Martin L. Gottwals, and that the title to said property was taken in the name of the wife in order to hinder, delay and defraud the creditors of the husband, and to elude the judgments then standing against him. The complainant therefore charges that the wife holds the property so acquired, or a part thereof, as trustee for her husband, and that complainant has the right to have him declared to be an equitable owner in said premises, and to have a trustee appointed to sell his share or interest in said real estate, and from the proceeds to have his judgments paid.

The defendants were required to answer the bill and to state fully how much money was paid for said lots or parcels of real estate, whose money it was, and the source from which it came, etc. An account is prayed of existing liens and incumbrances upon the property, and that it may be ascertained what balance remains subject to the payment of the complainant's judgment. It is also prayed that a trustee be appointed to sell the property. And though full and specific discovery is required of the defendants, answer under oath is waived.

The husband and wife filed a joint answer; and in their answer they aver that the husband having lost all his property and means in business, the wife bought for herself, and without any contribution or aid from her husband, the two properties described, and the money over and above that raised by the incumbrances mentioned was advanced to her by her mother for her own use and benefit; wherefore the property is her own separate estate, not answerable for the debts or liabilities of her husband—the same having been paid for by means of the incumbrances and the advance just mentioned. A general replication was entered to the answer.

The defendants did not testify themselves, nor did they produce any evidence, but stood alone upon the presumption arising upon the face of the deeds to the wife, whatever force that presumption, as evidence, may have to support the *bona fides* of the transactions of the acquisitions of the property. The force of the presumption arising upon the deeds to the wife depends upon the facts under which the deeds to the wife were made. If they were made under suspicious circumstances, as where the husband was insolvent and failed to meet his pressing obligations, and the wife was not previously known to have or possess any sufficient separate means or estate with which to acquire an estate in her right—under such and like circumstances, the wife is called upon to show by affirmative proof that the

property she claims under deeds to herself, made under such circumstances, was purchased and paid for out of her own separate means and estate as against the creditors of the insolvent husband. The relation of husband and wife, and the suspicious circumstances of the case, imposed this burden of proof upon the wife. This is the principle established by the case of *Seitz* v. *Mitchell*, 94 U. S. 580, the first authoritative exposition of the Married Woman's Act of April 10, 1869, Ch. 23 (16 Stat. 45), relating to this District, which we have to guide us.

Where the wife makes claim against the estate of the husband, and no creditors of the latter are concerned, quite a modified principle applies for the protection of the wife, as against the husband or his estate. In such case, the receipt and use of the money belonging to the wife by the husband gives rise to a *prima facie* presumption that the husband was acting as agent or trustee for the wife, and he or his estate will be accountable. This is established by the case of *Stickney* v. *Stickney*, 131 U. S. 227, 240, also founded upon the construction of the Married Woman's Act of April 10, 1869

In this case, the proof offered on the part of the complainant was of a very meager and indefinite character. It would appear to establish the fact, however, by the admissions of both husband and wife, both to the complainant and before the Congressional committee, that there was a joint interest in the property. But there is no proof to show what the respective interest was; whether the husband's interest was one-half, one-fourth, or any other fractional part; and before any relief can be granted to the complainant, by which that special fractional interest can be made available to the creditors of the husband, that interest must be ascertained by some definite proof.

The learned justice below, by his decree, dismissed the bill, upon the theory that the husband had no interest in the property in question that enabled him or his creditors to demand of the wife, holding the title to the estate, an

account for the interest of the husband, for the reason as assigned in the decree, that the application of *an indefinite sum by a husband* in aid of his wife's purchase does not raise a constructive trust in the husband's favor; therefore, the bill could not be maintained. But to this general proposition we can not accede. It is true, the husband himself might not be able, in such case, to have established for his own benefit, as against the wife, a resulting trust. But if the husband has advanced any substantial sum, in conjunction with money of his wife, to the prejudice of his creditors, to pay the consideration in the purchase of property conveyed to his wife, there is no reason or justice that would exclude his creditors from pursuing that interest in the hands of the wife, and making it subject to his debts. But in this case, as we have already stated, the difficulty grows out of the nature of the proof. While the principal fact of an interest in the husband is established, the extent of that interest is left wholly indefinite and uncertain. We, however, perceive no reason why this uncertainty can not be removed. A court of equity can not surrender its powers of relief to a difficulty of this sort. The device of combining the means of the husband with those of the wife in the purchase of property in the name of the wife, for the purpose of eluding creditors of the husband, is not an uncommon one; but the law does not allow itself to be defeated by any such device. There are many cases upon this subject showing the covers to which parties often resort, in their effort to baffle and elude pursuing creditors; but courts of equity have not been wanting in ample power to unravel and expose the best contrived schemes of deception. If the fact be established that that the husband's money has been expended to a substantial extent, with that of the wife, in the purchase of property conveyed to the wife, the difficulty of making partition is in no way attributable to the creditors; and their rights should not be defeated by any such mixing or confounding of funds that should have been kept separate. The property

of the wife is protected by the statute only so far as it is her sole and separate estate, and not beyond that limitation. The husband, by the terms of the statute, is not authorized to make gifts to the wife in prejudice of his creditors; and the wife can not use her name and the protection afforded her by the statute, as a shield to cover and defend the property of the husband as against the lawful process employed by his creditors. These principles are well settled by many decided cases. *Glidden* v. *Taylor*, 16 Ohio St. 509; *McCluskey* v. *Pro. Ins. for Savings*, 103 Mass. 300–306; *Gamber* v. *Gamber*, 18 Pa. St. 363; *Walker* v. *Reamy*, 36 Pa. St. 410; *Kenney* v. *Good*, 21 Pa. St. 355; *Brooks* v. *Applegate*, 37 W. Va. 373; *Smith* v. *Cook*, 10 App. D. C. 487, 492; Waite Fraud. Conv. 300, 301, 308 and cases there collated.

But, because of the want of definite proof, or facts from which a definite conclusion may be deduced, as to the extent of the interest of the husband in the property in question, subject to the debts of the husband, we shall reverse the decree appealed from and remand the cause, that further evidence may be taken on the question of the amount of money or other means belonging to the husband that was applied in the purchase of the property conveyed to the wife, and here involved; and that an account be taken to ascertain what is the interest of the husband after all prior liens and incumbrances upon the property are deducted, which would remain subject to his debts.

The decree is therefore reversed, and the cause remanded, that further evidence be taken, and that upon such evidence a final decree be passed, not in conflict with this opinion; and it is so ordered.

*Decree reversed and cause remanded.*